IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> LARRY WARREN ERVIN, JR., <br><br> Defendant. | CR 14–04–BU–DLC <br><br><br> ORDER |

Before the Court is the Government's Motion *in limine* to Exclude Expert Testimony by Former Assistant United States Attorney Joshua Van de Wetering Regarding Department of Justice Policies (Doc. 23), which Defendant Larry Warren Ervin opposes. For the reasons articulated herein, the Court will grant the Government's Motion.

Van de Wetering is expected to testify regarding possible incentives the Government's cooperating witnesses could receive in return for their testimony at trial, thus calling into question the credibility of those witnesses. Federal Rule of Evidence 702 provides in relevant part: "If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill,

1

experience, training, or education, may testify thereto in the form of an opinion or otherwise." Expert witness testimony is admissible under Rule 702 if: "(1) the subject matter at issue is beyond the common knowledge of the average layman, (2) the witness has sufficient expertise, and (3) the state of the pertinent art or scientific knowledge permits the assertion of a reasonable opinion." *United States v. Morales*, 108 F.3d 1031, 1038 (9th Cir. 1997) (internal citations and quotation marks omitted).

Van de Wetering intends to "spell out for the jury exactly how the cooperating witnesses will benefit from testimony in the federal system." (Doc. 31 at 5.) This will include specific testimony about how cooperation and trial testimony can impact federal sentences under the sentencing guidelines, the mandatory minimum sentence provisions of Title 21 of the United States Code, and Rule 35 of the Federal Rules of Criminal Procedure. (Doc. 24-1 at 2.) Ervin contends that the specific mechanisms related to these authorities – including Government 5K1, § 3553(e), and Rule 35 motions – are beyond the grasp of lay jurors. (Doc. 31 at 5.)

There is nothing complicated about potential bias when a witness receives favorable treatment from the Government in exchange for his or her testimony. The practice of prosecutors offering incentives to individuals who agree to testify

2

in criminal cases is well understood by the American populace at large, and is reinforced on a nightly basis through countless television shows devoted to law enforcement and the criminal justice system. Knowledge that a witness has received or anticipates receiving a break from the Government plants a seed of doubt as to the witness's credibility in the mind of the average lay juror. The Defense may cultivate that seed through effective cross-examination and argument, and the Court intends to further highlight the issue of credibility through its jury instructions. These concepts are well within the common knowledge and understanding of the average juror, and expert testimony is therefore inappropriate under Rule 702, and irrelevant under Rule 401.

Moreover, testimony from the cooperating witnesses themselves about the specific favorable treatment they received or were promised is far more relevant than Van de Wetering's general and speculative testimony about potential incentives.

The Ninth Circuit addressed this precise issue in *United States v. Johnson*, 297 F.3d 845 (9th Cir. 2002). At trial in that matter, Defendants attempted to call an expert on the sentencing guidelines to testify regarding the sentences that each of the cooperating co-conspirators might have received had they not agreed to testify for the government in an attempt to impeach the credibility of the

witnesses. *Johnson*, 297 F.3d at 861-862. The district court excluded the expert testimony, finding it irrelevant under Rule 401. *Id.* at 862. On appeal, the Ninth Circuit found in favor of the Government, stating that even if the district court abused its discretion, the defendants failed to show prejudice. *Id.* The court explained its holding as follows:

> Each of the cooperating witnesses stated on direct and/or cross-examination that he or she was testifying in hopes of receiving a significant reduction in possible prison time, and that the plea agreement offered significant benefits. Moreover, the district court instructed the jury to consider the testimony of the cooperating witnesses with great caution. Under these circumstances, expert testimony on the benefits potentially conferred on the cooperating witnesses would not have impeached the credibility of these witnesses beyond what was already accomplished.

*Id.*; *see also United States v. Call*, 73 Fed.Appx. 268, 272 (9th Cir. 2003) (unpublished opinion in which the court reached the same holding as *Johnson* based on the witness's testimony that he received a 100-month reduction in his sentence in return for cooperation, and because the district court instructed the jury that the witness could not receive a reduced sentence absent a motion from the Government).

The Court's decision to exclude Van de Wetering on the basis of Rules 401 and 702 is entirely consistent with *Johnson*. The Court anticipates that both the

Government and the Defense will discuss favorable treatment and credibility throughout the trial. Additionally, the Court intends to issue a jury instruction on these issues, most likely Ninth Circuit Model Criminal Jury Instruction 4.9.[1]

As a final matter, Ervin argues that Van de Wetering's testimony is required to explain the specific mechanisms the government has at its disposal to reward cooperating witnesses. However, there is simply no need to delve into the details of 5K1, § 3553(e), and Rule 35 motions in order for the jury to evaluate witness credibility. Such testimony is not relevant and would tend to obfuscate the issues central to this case.

Since the Court will exclude Van de Wetering's testimony based on Rules 401 and 702, it need not address the Government's other arguments.

**Conclusion and Order**

The concepts that Joshua Van de Wetering intends to discuss are not beyond the common knowledge of the average juror, and Defendant's concerns regarding the credibility of cooperating witnesses can be raised through cross-examination, jury instructions, and argument. Accordingly, Van de Wetering's opinions will not

---

[1] Ervin demonstrates particular interest in establishing that the decision to file 5K1.1 and § 3553(e) motions is at the exclusive discretion of the Government. At this time, the Court is not opposed to including language to that effect within its jury instructions, especially given the court's holding in *Call*, summarized above.

assist the jury, rendering them both inappropriate under Rule 702, and irrelevant under Rule 401.

IT IS ORDERED that the Government's Motion (Doc. 23) is GRANTED. Defendant's expert witness Joshua Van de Wetering will not be permitted to testify at trial in this matter.

Dated this 2nd day of July, 2014.

Dana L. Christensen, Chief District Judge
United States District Court